**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-10372

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JERMAINE JEROME CAMPBELL,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00366-VMC-LSG-1

————————————————

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

Jermaine Campbell appeals his sentence of 144 months' imprisonment for one count of possession with intent to distribute a

mixture or substance containing fentanyl and one count of possession with intent to distribute fifty grams or more of a mixture or substance containing methamphetamine and a mixture or substance containing marijuana. Campbell argues his sentence is procedurally unreasonable because the district court limited its review of comparator cases for potential sentencing disparities to the Middle District of Florida. Campbell also argues his sentence is substantively unreasonable because the district court's geographic limitation prevented it from properly weighing the need to avoid potential sentencing disparities. After careful review, we affirm the court's decision because its sentence was procedurally and substantively reasonable.

## I.

A grand jury indicted Campbell for possession with the intent to distribute a mixture or substance that contained fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 1), and possession with the intent to distribute 50 grams or more of methamphetamine and marijuana (Count 2), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), and (b)(1)(C). Campbell pled guilty to both counts.

A probation officer prepared a Presentence Investigation Report ("PSR") that recommended a total offense level of 31. First, the PSR grouped Campbell's counts and calculated his base offense level at 30 because of the drug quantities of 143.4 grams of methamphetamine and 195.2 grams of marijuana. Then, the PSR applied a four-level career-offender enhancement under U.S.S.G. §

4B1.1, based on various prior convictions, and a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Because Campbell's criminal-history category was VI, and his total offense level was 31, his advisory guideline range was 188 to 235 months' imprisonment.

In a sentencing memorandum, and then at sentencing, Campbell argued that the career-offender enhancement resulted in a sentence greater than necessary to achieve the purposes of sentencing because the predicate convictions were from over 15 years ago. He said the court should adopt a noncareer-offender guideline range of 130–162 months, and he asked the court to vary downward to a sentence of 92 months. Campbell contended this variance was necessary because of, among other reasons, his nonviolent criminal history and "severe childhood trauma and its lasting impacts on his mental health and decision-making abilities." Campbell also argued that his proposed 92-month sentence would align with the recommendations of the U.S. Sentencing Commission and "help avoid unwarranted disparities between [him] and other similarly situated offenders whose crimes did not trigger the career offender enhancement."

For its part, the government responded that the career-offender enhancement applied. The district court agreed. The court opined that it was an "unfortunate situation" but "absolutely correctly scored." So the court adopted the PSR's guideline calculations for a total offense level of 31, a criminal-history category of

VI, and a resulting guideline range of 188 to 235 months' imprisonment.  The government asked for a sentence of 188 months.

Then the district court asked the government to respond to Campbell's argument about the Sentencing Commission's recommendation that courts should consider a fair sentence in relation to other similarly situated career-offender defendants.  The government acknowledged that the court could account for the distinction between violent criminals and those selling drugs.

The district court remarked that it was "really troubled" by Campbell's criminal history.  It explained that "there has to be some substantial penalty so that people don't commit these kinds of crimes."  But at the same time, the court recognized, it "just want[ed] to be fair to [Campbell] as opposed to having come up in front of another judge."  So the court asked Campbell's counsel "what other judges have imposed in similar cases" with comparable criminal histories.

Campbell's counsel did not have that information.  So the district court continued the hearing for counsel to identify potential similarly situated defendants.  The court clarified that, in its view, a similarly situated defendant was "here in the Middle District of Florida," not the "Northern District of California."  Campbell's counsel did not object to the court's limiting instruction.  The court otherwise advised that it believed a sentence of 188 months was appropriate, notwithstanding Campbell's other arguments in mitigation.

Campbell submitted a supplemental memorandum providing "[a]n analysis of 19 similarly situated cases" in the Middle District of Florida. Campbell's analysis concluded that the "mode and median sentence" for career-offender defendants with similar guideline ranges, statutory ranges, and criminal histories was 120 months. He specifically highlighted three other alleged comparators who received sentences of 96, 120, and 130 months. In the end, Campbell argued for a guideline range of 110 to 137 months and a sentence of 110 months. Campbell did not suggest that the court should look to cases outside the Middle District of Florida.

When the district court reconvened sentencing, it noted that it had "very carefully reviewed [Campbell's] memorandum" and found that another defendant who had received a 144-month sentence "was fairly similarly situated." The court explained that it "really want[ed] to make certain that people are fairly treated" and to respect other "judges giving lower sentences." Still, the court found that "a bit of a higher sentence on this kind of case" was appropriate given Campbell's "background and the circumstances." The government argued that a 144-month sentence was appropriate to deter Campbell and others from committing similar crimes and to protect the community. Campbell argued that a sentence of 110 months was sufficient to meet the purposes of sentencing, and he personally addressed the court to ask for leniency.

The district court imposed a sentence of 144 months' imprisonment and a total of 4 years' supervised release. The court explained that it had considered the 18 U.S.C. § 3553(a) sentencing

factors. And the court noted that it had reviewed "each and every one" of Campbell's proposed comparators. Ultimately, the court determined that a downward variance to 144 months was warranted "because of the defendant's background, the trauma that he had had in his childhood and the [over]representation of the defendant's guidelines." When the court asked for any objections at the conclusion of the hearing, Campbell objected to the court's guideline calculations. He also "object[ed] to the reasonableness of the sentence, substantive and procedural," but did not expand on those objections.

Campbell's timely appeal follows. Campbell contends the district court imposed a procedurally and substantive unreasonable sentence.

## II.

"[W]e review the substantive and procedural reasonableness of a sentence for abuse of discretion." *United States v. Touray*, 151 F.4th 1317, 1326 (11th Cir. 2025). We first ensure that the court committed no significant procedural error, such as failing to calculate (or improperly calculating) the guideline range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). We then consider whether the sentence is substantively reasonable under the § 3553(a) factors and the totality of the circumstances, giving "due deference" to the sentencing court. *See id.* at 51–52.

## III.

Campbell argues that his sentence is procedurally unreasonable because the district court's geographic limitation on comparator cases precluded it from considering the need to avoid unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6). The government contends that Campbell failed to preserve this argument, so plain error review applies. We agree with the government.

If a defendant "did not object to the procedural reasonableness" of his sentence "at the time of his sentencing," we review only for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). "To preserve an issue for appeal, one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." *United States v. Parks*, 823 F.3d 990, 994 (11th Cir. 2016) (quotation marks omitted), *overruled in part on other grounds by United States v. Steiger*, 99 F.4th 1316, 1322 (11th Cir. 2024) (*en banc*). Therefore, "[a] sweeping, general objection is insufficient to preserve specific sentencing issues for review." *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015). And Campbell's objection simply to the "procedural reasonableness of the sentence" did not preserve his specific objection to the court's geographic limitation on sentence comparators. *See id.* So plain-error review applies.

Under the plain-error standard, the defendant must show (1) an error occurred; (2) the error was plain; (3) the error affected his substantial rights; and (4) the error seriously affected the fairness,

integrity, or public reputation of judicial proceedings. *Vandergrift*, 754 F.3d at 1307. "[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). "In order for an error to have affected substantial rights, it must have affected the outcome of the district court proceedings." *Vandergrift*, 754 F.3d at 1312 (quotation marks omitted).

Even assuming without deciding that the district court erred by geographically limiting comparator cases to the Middle District of Florida, it did not plainly err. No rule, statute, or controlling precedent from this Court or the Supreme Court required it do otherwise. *See Lejarde-Rada*, 319 F.3d at 1291. On the contrary, our precedent has described an "argument that there was an unwarranted disparity between [a defendant's] sentence and others who have been convicted of similar [] crimes elsewhere in the nation" as "difficult to gauge." *United States v. Hill*, 643 F.3d 807, 885 (11th Cir. 2011). And we have explained that we are "not convinced that a sentence imposed in this circuit is subject to a national grade curve." *Id.* Plus, in any case, Campbell did not present any out-of-district comparators for the court to consider. So the district court did not plainly err by geographically limiting comparator cases to the Middle District of Florida. *See id.*

In any case, even assuming plain error, Campbell has failed to show it affected his substantial rights. *See Vandergrift*, 754 F.3d at

1312. Campbell fails to explain how, even if he had presented data from outside the Middle District of Florida, the result would have been any different. Notably, he does not identify any out-of-district or out-of-circuit comparators on appeal, or even an indication of what a broader view of comparators might show.

For these reasons, Campbell has not shown that his sentence was procedurally unreasonable.

## IV.

After ensuring a defendant's sentence is procedurally sound, we evaluate the sentence's substantive reasonableness under a deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 51. The defendant challenging his sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A defendant can preserve his substantive-reasonableness challenge for appeal by arguing at sentencing that a shorter sentence would be sufficient, and a longer sentence would be greater than necessary. *Holguin-Hernandez v. United States*, 589 U.S. 169, 173-74 (2020). There is no dispute that Campbell preserved his substantive challenge by arguing that a sentence over 110 months was greater than necessary to serve the purposes of sentencing.

The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the

proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).  We have emphasized that we must give "due deference" to the district court to consider and weigh the proper sentencing factors.  *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).  Those factors are set out in 18 U.S.C. § 3553(a) and include, among others, the nature and circumstances of the offense, the defendant's history and characteristics, and "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of the same conduct."  18 U.S.C. § 3553(a)(1), (6).

The district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of them.  *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).   Instead, it is sufficient for the district court to acknowledge that it considered the § 3553(a) factors.  *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).  As for mitigating evidence, a district court's failure to discuss it does not necessarily indicate the court "erroneously 'ignored' or failed to consider this evidence."  *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

When we consider a claim of sentencing disparity, we first consider whether the defendant is similarly situated to the defendants to which he compares himself.  *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015).  "A well-founded claim of disparity . . . assumes that apples are being compared to apples."  *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotation

marks omitted).  In other words, the defendant's comparisons to other defendants should be specific enough for us to "gauge" whether there is an unwarranted disparity between the defendant's and his comparators' sentences.  *Hill*, 643 F.3d at 885.

A defendant must put forth "more than the crime of conviction and the total length of the sentences to evaluate alleged disparities.  The underlying facts of the crime and all of the individual characteristics are relevant."  *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015).  When a district court "correctly calculate[s] and carefully review[s] the Guidelines range," it "necessarily g[ives] significant weight and consideration to the need to avoid unwarranted disparities" and "necessarily limits any unwarranted disparity that might arise in the sentences of defendants in diverse locales."  *Gall*, 552 U.S. at 54; *United States v. McGarity*, 669 F.3d 1218, 1264 (11th Cir. 2012), *abrogated on other grounds by Paroline v. United States*, 572 U.S. 434 (2014).

A term of imprisonment well below the statutory maximum is "indicative of a reasonable sentence."  *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014).  We also "ordinarily expect a sentence within the guidelines range to be reasonable, although we do not automatically presume that it is."  *See United States v. Dixon*, 901 F.3d 1322, 1351 (11th Cir. 2018) (cleaned up).

Campbell's 144-month sentence is substantively reasonable. The record reflects that the district court carefully considered the § 3553 factors, including the need to avoid unwarranted sentencing disparities.  *See* 18 U.S.C. § 3553(a)(6).  For starters, in calculating

and reviewing the guideline range, the court necessarily gave "significant weight and consideration to the need to avoid unwarranted disparities." *Gall*, 552 U.S. at 54.

Plus, the district court expressly stated that it "looked at each and every one" of the comparator defendants Campbell identified in his supplemental sentencing memorandum. The court also cited one defendant in particular whom it viewed as similarly situated to Campbell. The court was not required to discuss each alleged comparator or each § 3553(a) factor. *See Kuhlman*, 711 F.3d at 1326. Ultimately, the court varied downward by 44 months from the guideline range of 188 to 235 months because of Campbell's background, the trauma he had in his childhood, and the overrepresentation of Campbell's criminal history. Thus, the record reflects the court considered the need to avoid unwarranted sentencing disparities by, among other things, imposing a below-guidelines sentence after considering the comparator defendants Campbell identified in his supplemental sentencing memorandum.

The district court has broad discretion to weigh the § 3553(a) factors. *See United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021). We cannot say that a term of imprisonment well below the statutory maximums of 20 and 40 years on Counts 1 and 2, respectively, and 44 months below the advisory guideline range, is substantively unreasonable. *See Dixon*, 901 F.3d at 1351; *Dougherty*, 754 F.3d at 1364.

For the reasons we have explained, Campbell's sentence is procedurally and substantively reasonable. *Tome*, 611 F.3d at 1378.

Accordingly, we affirm Campbell's sentence of 144 months' imprisonment.

**AFFIRMED.**